# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1928V
UNPUBLISHED

| | |
|---|---|
| LAUREL ACOSTA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 21, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu);<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA). |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Meghan Murphy, U.S. Department of Justice, Washington, DC,* for Respondent.

**RULING ON ENTITLEMENT**[1]

On December 21, 2020, Laurel Acosta filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of receiving an influenza ("flu") vaccine on October 16, 2019, she developed a shoulder injury related to vaccine administration ("SIRVA"), as listed on the Vaccine Injury Table, 42 C.F.R. § 100.3. Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 21, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that Petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

SIRVA following receipt of a flu vaccine. *Id.* at 6 (citing 42 C.F.R. §§ 100.3(a)(XIV)(B), (c)(10(i-iv)). Respondent further agrees that the statutory six-month sequela requirement has been satisfied. *Id.* (citing Vaccine Act Section 11(c)(D)(I)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master